# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Joshua B. Simon
To Call Writer Directly:
(212) 446-4789
joshua.simon@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

April 24, 2013

**Via ECF**

Magistrate Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Berrezueta et al. v. Royal Crown Pastry Shop, Inc. et al.*,
             No. 12-cv-04380-FB-RML

Dear Judge Levy:

    We represent Plaintiffs Patricio Vicente Arteaga Berrezueta and Azuncion Alejandro (a/k/a Ricardo) Ullaguari Asmal (collectively "Plaintiffs") in the above-referenced action. Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.3(c), we write to notify the Court that Plaintiffs and certain defendants[1] are unable to agree on a resolution of a discovery dispute, and Plaintiffs therefore respectfully request that the Court intervene.

    On February 21, 2013, Plaintiffs served, *inter alia*, eight Interrogatories on each Corporate Defendant. Those Interrogatories are attached as **Exhibits A-E**. The current discovery dispute concerns Interrogatories Nos. 4 and 5, which state:

> Interrogatory No. 4: "Identify all persons who had the power to act directly or indirectly on your behalf, including but not limited to all persons who exercised or delegated the power at any point during the relevant period to hire or fire personnel, set or change wages or other compensation, distribute wages or other compensation, set or change work schedules, direct or assign types of work, maintain employment records, or set personnel policy."

---

[1] These defendants are: Royal Crown Pastry Shop II, Inc., Royal Crown Bakery, Inc., Paneantico Bakery Café, Inc., Royal Crown Antico Panificio, Inc., and Magnifico Catering, Inc. (collectively, the "Corporate Defendants").

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

**KIRKLAND & ELLIS LLP**

Magistrate Judge Robert M. Levy
April 24, 2013
Page 2

    <u>Interrogatory No. 5</u>: "Describe your recordkeeping and wage payment practices during the relevant time period, including but not limited to any payroll device, computer program, or software you used to calculate the compensation owed to employees."

The Corporate Defendants' responses to Plaintiffs' Interrogatories are attached as **Exhibits F-J**. In response to Interrogatories Nos. 4 and 5, each Corporate Defendant answered with an identical objection, and no further response:

    "Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, harassing, irrelevant and not likely to lead to the discovery of admissible evidence."

    On April 19, 2013, at the request of Plaintiffs' counsel, attorneys for both parties met and conferred pursuant to Local Rule 37.3(a) to discuss all non-defaulting defendants' discovery responses. While that conference yielded at least preliminary resolutions to other disputed discovery issues, it became clear that the dispute concerning Corporate Defendants' responses to Interrogatories Nos. 4 and 5 required intervention from this Court.

    The Corporate Defendants contend that the objections quoted above are valid, and that Interrogatories Nos. 4 and 5 also seek "proprietary information" that the Corporate Defendants are not required to disclose.

    Plaintiffs contend that the requests are not objectionable on any of the grounds raised, but rather are narrowly tailored requests for discoverable information, as well as persons and things likely to lead to discoverable information. Contrary to their obligations to object with specificity, *see* Fed. R. Civ. P. 33(b)(4), the Corporate Defendants have failed to show how the requests are burdensome or what makes the information sought proprietary. Rather, the Corporate Defendants recited boilerplate objections in an attempt to evade their discovery obligations. Those objections were insufficient. *See Pegoraro v. Marrero*, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse.") (internal quotation marks omitted).

    Plaintiffs also strongly dispute that the information sought by Interrogatories Nos. 4 and 5 is "irrelevant."

    The information sought in Interrogatory No. 4 relates to, *inter alia*, Plaintiffs' allegations that the Corporate Defendants—together with the defaulting defendants Frank Generoso and

## KIRKLAND & ELLIS LLP

Magistrate Judge Robert M. Levy
April 24, 2013
Page 3

Royal Crown Pastry Shop, Inc.—operated as one enterprise for purposes of the Fair Labor Standards Act ("FLSA"). (*See* Am. Compl. ¶¶ 45-48.) The identities of individuals who had the power to act directly or indirectly on behalf of each Corporate Defendant will help Plaintiffs understand who managed each entity's business, which in turn will contribute to the parties' understanding of the extent to which they maintained unified operation or common control. *See* 28 U.S.C. § 203(r)(1); *see also Archie v. Grand Cent. Partnership, Inc.*, 997 F.Supp. 504, 526 (S.D.N.Y. 1998) ("'[C]ommon control' exists 'where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together.'") (quoting 29 C.F.R. § 770.221). Further, identifying these individuals — who may then be deposed by the parties — is likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 27(b)(1). These individuals are likely to have knowledge of relevant factors regarding the Corporate Defendants' unified operations, including, but not limited to, use of identical equipment, group purchasing, uniformity of prices, and standardization of records. *See* 29 C.F.R. § 779.220.

The information sought in Interrogatory No. 5 relates to Plaintiffs' allegations that defendants failed to maintain records of the Plaintiffs' employment, and failed to furnish them with wage statements. (*See* Am. Compl. ¶¶ 99-100.) Moreover, information about whether, and how, the Corporate Defendants maintained wage and hour information is relevant to Plaintiffs' claims that defendants' failed to pay them the wages they are owed. (*See* Am. Compl. ¶¶ 106, 116, 123, 131, 137, 152.) Finally, to the extent the Corporate Defendants' recordkeeping practices are similar or identical, this information may also be relevant in establishing unified operation or common control.

As outlined above, the Corporate Defendants have maintained their improper objections to Interrogatories Nos. 4 and 5. Pursuant to Local Rule 37.3(c), Plaintiffs respectfully request that this Court overrule the Corporate Defendants' objections to these requests and compel Corporate Defendants to provide the information requested.

We are available to discuss this matter at the Court's convenience.

Sincerely,

Joshua B. Simon